UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated, | ) ) ) | NO: 3:15-CV-01319-JCH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AETNA, INC.; AETNA LIFE INS. CO.; and MCMC, LLC, | ) ) ) | |
| Defendants. | ) | JUNE 14, 2016 |

**NOTICE OF SUBSTITUTED AFFIDAVIT TO PLAINTIFFS'
<u>MOTION FOR DISCOVERY SANCTIONS [DOC. I.D. NO. 65]</u>**

On June 13, 2016, Plaintiffs filed a Motion for Discovery Sanctions (Doc. I.D. No. 65). As required, Plaintiffs attached to their Motion for Discovery Sanctions an affidavit of good faith efforts to resolve the dispute prior to Court intervention. <u>See</u> Doc. I.D. No. 65 at <u>Exhibit A</u>. Attached hereto is an amended Affidavit which is to be substituted as <u>Exhibit A</u> to Doc. I.D. No. 65.

        PLAINTIFFS –
        CHRISTOPHER MEIDL, on his own behalf
        and on behalf of all others similarly situated,

        /s/ Daniel P. Elliott
        Elizabeth K. Acee (ct 20986)
        Daniel P. Elliott (ct 28058)
        LeClairRyan, A Professional Corporation
        545 Long Wharf Drive, 9th Floor
        New Haven, Connecticut 06511
        Tel.: (203) 672-1638
        Fax: (203) 672-3228
        E-mail:elizabeth.acee@leclairryan.com
              daniel.elliott@leclairryan.com

/s/ Andrew N. Goldfarb
Andrew N. Goldfarb
Admitted Pro Hac Vice (PHV 07743)
Zuckerman Spaeder, LLP
1800 M. Street, NW, Suite 1000
Washington, DC 20036
Tel: 202-778-1800
Fax: 202-822-8106
agoldfarb@zuckerman.com

D. Brian Hufford *(Pro Hac Vice)*
Jason S. Cowart *(Pro Hac Vice)*
Zuckerman Spaeder, LLP
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: 202-704-9600
Fax: 212-704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Meiram Bandar *(Pro Hac Vice)*
Psych-Appeal, Inc.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: 310-598-3690 Ext. 101
Fax: 888-975-1957
mbendat@psych-appeal.com

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of June, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Daniel P. Elliott
Daniel P. Elliott

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC.; AETNA LIFE INS. CO.; and MCMC, LLC,<br><br>Defendants. | NO: 3:15-CV-01319-JCH |

### AFFIDAVIT OF ANDREW N. GOLDFARB

Andrew N. Goldfarb, being duly sworn, hereby deposes and says as follows:

1. I am over the age of eighteen years, and believe in the obligations of an oath.

2. I am an attorney with Zuckerman Spaeder, LLP, 1800 M Street NW, Suite 1000, Washington, DC 20036. My business telephone number is (202) 778-1822. My business facsimile number is (202) 822-8106. My business e-mail address is agoldfarb@zuckerman.com.

3. Our firm is counsel to Plaintiff Christopher Meidl, on his own behalf and on behalf of all others similarly situated, in the above-captioned matter.

4. I have been admitted to this Court *pro hac vice* (phv 07743).

5. Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 37(a), I submit this affidavit in support of Plaintiff's motion for discovery sanctions against Defendants Aetna Inc. and Aetna Life Insurance Company (together, "Aetna").

6. I hereby certify that Plaintiff has in good faith conferred with Aetna in an effort to obtain relief without Court action.

7. The extensive record of communication about the matters that are the subject of Plaintiff's motion is set out in the motion.

8. Faced with the threat of this motion, Aetna made disclosures that narrowed the scope of the dispute. In particular, Aetna disclosed information about the process by which it selected the Cherry-Picked Files, which comprise 30% of all Claim Files it produced (as those terms are defined in the motion), and committed to produce certain documents that it used in its selection process.

9. However, Aetna refused to provide information about the substantive criteria and considerations it used to identify and select the Cherry-Picked Files. Such information is discoverable and relevant to Plaintiff's forthcoming motion for class certification.

10. In light of the current June 29, 2016 deadline for class certification, Plaintiff now respectfully moves the Court for the relief sought in the motion.

Dated: June 14, 2016

_____
Andrew N. Goldfarb, Esq.

Sworn to before me this 14th day of June, 2016.

_____
Notary Public

[Notary Seal: Gladys Colón, Notary Public, District of Columbia, My Commission Expires 4/14/2017]

2

5487280 1