<u>LEGAL NOTICE BY ORDER OF
THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT</u>

# If you sought health insurance coverage or benefits from AETNA LIFE INSURANCE COMPANY for TRANSCRANIAL MAGNETIC STIMULATION ("TMS") for the treatment of MAJOR DEPRESSION from September 3, 2009 to July 29, 2016, you could get a payment from the proposed settlement of a class action lawsuit.

READ THIS NOTICE CAREFULLY

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **There is a proposed settlement ("Settlement") with Aetna Inc. and Aetna Life Insurance Co. (together, "Aetna") in a class action lawsuit,** *Meidl v. Aetna Inc., et al.*, **No. 15-cv-1319-JCH (D. Conn.).**

- The Settlement will resolve a lawsuit over whether Aetna violated its obligations related to health plans that Aetna administers under the Employee Retirement Income Security Act of 1974 ("ERISA") by improperly concluding that TMS was an experimental treatment for major depression. The suit alleges that Aetna improperly developed a policy that TMS was an experimental and investigational treatment (the "Aetna TMS Policy") and that Aetna then applied that policy to categorically deny TMS coverage for the treatment of major depression.

- Aetna denies all of the Plaintiff's claims, but has agreed to the Settlement to resolve the class action case.

- The Settlement provides monetary payments to Class Members.

- THIS SETTLEMENT APPLIES **ONLY** TO PEOPLE WHO SOUGHT COVERAGE FOR TMS **FOR THE TREATMENT OF MAJOR DEPRESSION**. IT DOES NOT ADDRESS TMS FOR ANY OTHER CONDITION.

- Under the Settlement, Class Members will release any individual legal claims they may have against Aetna arising out of or related to Aetna's decisions between September 3, 2009 to July 29, 2016 (the "Class Period") concerning coverage of TMS for the treatment of a major depressive disorder.

- Your rights and options—and the deadlines to exercise them—are explained in this notice. Read this notice carefully.

  - If you have questions, go to www.AetnaTMSSettlement.com, call 1-877-890-8089, or email mail@AetnaTMSSettlement.com. You can also write to Aetna TMS Settlement Administrator, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 4028, Portland, OR 97208-4028.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS FOR THE SETTLEMENT | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | To remain a class member for the Settlement, you do not need to do anything. You automatically will be included in the Class and your portion of the Settlement Fund will be calculated based on Aetna's records. If you believe that those records understate your total billed charges for TMS, you may submit records showing how much you were charged for TMS, which may affect the amount of money you are eligible to receive.<br><br>If you remain in the Class, you will give up your right to sue Aetna for claims relating to the subject matter of the lawsuit. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You may request exclusion from the Class (also known as "opting out") by filling out the "Opt-Out Form" online or submitting an email or letter to the Settlement Administrator at the address below. **The request(s) for exclusion must be submitted electronically or postmarked no later than _____.**<br><br>If you exclude yourself from the Settlement, you will not lose your claims against Aetna, and you will not be bound by any judgments or orders of the Court as to the Settlement, but you also will not be eligible for any payment from the Settlement nor will you be able to object to the Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like the Settlement. To object to or comment on the Settlement, you must send a copy of the appropriate papers via mail to the Court, Class Counsel, and counsel for Aetna. Their addresses are listed below. **Your written objection must be filed with the Court and sent to Class Counsel and counsel for Aetna no later than _____.**<br><br>If you object to the Settlement, you will remain a Class member. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.<br><br>The Court will hold a Fairness Hearing on _____, at _____ to consider whether the Settlement is fair, reasonable, and adequate. The Court may also consider the motion for Class Counsel's attorneys' fees, costs, and expenses, and for an incentive award for the class representative. If you want to speak at the Fairness Hearing, you must let the Court and the parties know by providing the Court and the parties with a letter that is received by _____, stating that you intend to appear at the hearing. You cannot speak at the hearing if you opt out of the Settlement. |

## BASIC INFORMATION

### 1. WHAT IS THIS LAWSUIT ABOUT?

This lawsuit is about whether during the Class Period, Aetna, in violation of ERISA and the plans that Aetna administers, improperly determined that TMS was an experimental, investigational, or unproven treatment, and then used that determination to deny coverage for TMS for the treatment of major depression. Plaintiff alleges that TMS was not experimental for the treatment of major depression because the FDA approved a TMS device for that use in 2008 and because during the Class Period there was substantial scientific and medical support for TMS as a safe and effective treatment option for major depression. Plaintiff alleges that Aetna breached the duties it owed him and other people covered by insurance plans administered by Aetna when it denied claims for TMS coverage to treat major depression based on the Aetna TMS Policy in effect during the Class Period.

Aetna denies all of Plaintiff's allegations of wrongdoing and contends that it has fully complied with the law.

On July 29, 2016, Aetna changed its TMS Policy to allow coverage for TMS for major depression in certain circumstances. You can review Aetna's current policy on TMS at http://www.aetna.com/cpb/medical/data/400_499/0469.html.

### 2. WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, a "class representative" sues on behalf of herself and other people who have similar claims. Together, they are called a "class" or "class members." The class representative for the Settlement is Christopher Meidl, an individual who was denied coverage and benefits by Aetna for TMS.

## WHO IS IN THE SETTLEMENT

### 3. WHO IS A CLASS MEMBER?

In May 2017, the Court decided that the case should proceed as a class action. The Class consists of:

> All participants or beneficiaries in Aetna Plans administered by Aetna (or any of its operating divisions) who, from September 3, 2009, to July 29, 2016, were denied health insurance coverage for TMS for the treatment of major depression using one of the codes for Experimental, Investigational, or Unproven Services. The TMS Class includes both persons whose post-service claims for reimbursement were denied and persons whose pre-service requests that Aetna confirm coverage for TMS were denied.

The Class Period is September 3, 2009 to July 29, 2016.

Excluded from the Class are the federal judge who has presided over the case, and individuals and entities who timely and validly request exclusion ("opt out") from the Class.

Aetna records indicate that you sought coverage for TMS treatment under a health plan administered by Aetna and that Aetna denied your request in whole or in part. Therefore, you are a member of the Class unless you opt out.

If you are not sure whether you are a member of the Class, you can email or write to the lawyers in this case at the addresses listed in Question 10.

### 4. DID THE COURT DECIDE WHO IS RIGHT?

No, the parties entered into the Settlement before the lawsuit reached a trial or court decision, so if the Court approves the Settlement there will not be a trial or decision about which side was right.

## WHAT THE SETTLEMENT PROVIDES

### 5. WHAT DOES THE SETTLEMENT DO?

The Settlement has two major parts: (1) payments to Class Members; and (2) a release by Class Members of legal claims arising out of or related to Aetna's decisions concerning coverage of TMS for the treatment of a major depressive disorder during the Class Period.

**(1)     Payments to Class Members**

Under the Settlement, Aetna will make a lump sum payment of $6.2 million. This Settlement Amount, less settlement administration costs, attorneys' fees and expenses, and any class representative incentive award, will make up the "Settlement Fund." The Settlement Fund will be used to reimburse Class Members. A Settlement Administrator who has experience handling cases that involve personal health information will oversee the distribution of payments from the Settlement Fund to Class Members.

The allocation of the Settlement Fund to Class Members (the "Plan of Allocation") will be as follows:

- Class Members will be entitled to the GREATER of (1) a proportional share of the Settlement Fund based on their Recognized Loss; or (2) a minimum amount, which is expected to be approximately $1,500.

- Each Class Member's "Recognized Loss" will be the total billed charges for fully denied claims for TMS received during the Class Period as reflected in Aetna's records (up to a maximum of $100,000).

    **Attached to this notice is a sheet that states the total amount that Aetna's records show you were billed (if any) for all TMS that you received during the Class Period, and the portion (if any) of that total billed amount that Aetna records show was denied in full.**

- If you think that you paid more for TMS during the Class Period than Aetna's records show, then you can submit evidence—no later than ____—showing the total amount that you paid for TMS during the Class Period. If the amount that you document is greater than the amount of billed charges shown in Aetna's records, your Recognized Loss will be the SUM of (i) the difference between the total amount you paid for all TMS received during the Class Period as reflected in the evidence you submit (up to a maximum of $100,000) and the total billed charges in Aetna's records, PLUS (ii) the amount of fully denied claims as reflected in Aetna's records.

    - **NOTE**: You must submit **all** of your TMS payments, not simply those you believe to be missing from Aetna's records. The Settlement Administrator will **not** add the amount you paid for TMS as shown in evidence you submit to the total of billed charges in Aetna's records. That is because doing so would significantly drive up the cost of administration by requiring the Settlement Administrator to cross-check the evidence you submit against the evidence in Aetna's records, and therefore reduce the amount of money available for Class Members.

- Your payment likely will be significantly less than your Recognized Loss. The amount of your payment will depend on, among other things, the records submitted by other Class Members.

**ALL CLASS MEMBERS WILL RECEIVE A MINIMUM AMOUNT, WHICH IS EXPECTED TO BE APPROXIMATELY $1,500.**

**Example**: If Aetna's records show that a Class Member submitted $10,000 in claims for TMS that were all denied, that person's Recognized Loss will be $10,000. But if that Class Member submits documentation showing that he or she paid $12,000 for TMS, the Recognized Loss will be $12,000—that is, the sum of (i) $12,000 - $10,000, PLUS (ii) $10,000. If the Class Member's documentation shows anything less than $10,000 in paid charges for TMS, then because Aetna's records show a higher amount, the Recognized Loss will be $10,000.

If you choose to submit evidence of the total amount you were charged for TMS, you have until _____ to submit that evidence to the Settlement Administrator. An example of valid documentation is a printout from your TMS provider showing the number of sessions of TMS that you had and the total amount that you paid for TMS during the Class Period.

Documentation should be sent to the Settlement Administrator at: Aetna TMS Settlement Administrator, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 4028, Portland, OR 97208-4028. You can also email a PDF copy of the documentation to the Settlement Administrator at: mail@AetnaTMSSettlement.com.

**(2)     Release of Claims Against Aetna**

Upon the Effective Date of the Settlement after final approval, the Class Members will release Aetna (and related entities) for all legal claims against it arising out of or related to Aetna's decisions concerning requests for TMS benefits or coverage for the treatment of major depression during the Class Period.  The definition of "Released Claims" in the Settlement Agreement is:

> [A]ny and all past, present and future claims, actions, causes of action, rights or liabilities, costs, expenses, losses, debts, or claims, regardless of forum, contingent or non-contingent, accrued or unaccrued, known or unknown, arising out of or related to: (i) a denial of health insurance coverage for TMS for the treatment of major depression (including any requests associated with a diagnosis of major depression, even if there were also other non-depression diagnoses) during the Class Period, including post-service claims for reimbursement and pre-service requests that Aetna confirm coverage; or (ii) any challenge to the development or application of any iteration of CPB 469 in effect prior to July 29, 2016. Released Claims include, but are not limited to, any and all claims, actions, rights or causes of action arising under federal, state, or local statutory or common law or mandate that were raised or could have been raised in the Action concerning any statutory rights under ERISA or coverage for TMS under the terms of an employee benefits plan insured or administered by Aetna during the Class Period.

## IF YOU DO NOTHING

**6. WHAT HAPPENS IF I DO NOTHING?**

If you do nothing, you will be included in the Class. You will get a payment according to the Plan of Allocation described above. And you will be bound by the Settlement if it is finally approved by the Court. If you do nothing, you will not be able to sue Aetna on your own for the Released Claims as described in the part of Question 5 titled "Release of Claims against Aetna." If you want to pursue any claim related to the issues in this case on your own and at your own expense, you should opt out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**7. WHY WOULD I ASK TO BE EXCLUDED (OPT OUT)?**

You should ask to be excluded if you want to keep your right to pursue your own individual lawsuit against Aetna relating to the issues in the lawsuit. If you choose to opt out, you will not receive any payment from the Settlement Fund, but you will not be bound by the Settlement either, including the release.

**8. HOW DO I OPT OUT OF THE CLASS?**

To exclude yourself from the Class, you must do one of the following: (1) go to www.AetnaTMSSettlement.com and follow the directions for how to fill out and submit the Opt-Out Form electronically; (2) download and print out the Opt-Out Form from the website, fill it out and sign it, and send it by first class mail to the Settlement Administrator at: Aetna TMS Settlement Opt Out, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 4028, Portland, OR 97208-4028; (3) email the completed and signed Opt-Out Form to the Settlement Administrator at mail@AetnaTMSSettlement.com; or (4) mail or email to the Settlement Administrator a request

for exclusion that includes your full name (and business name, if applicable), mailing address, email address, signature (or an electronic signature consisting of "/s/" plus your typed name), and the following statement: "I request that I be excluded from the Class in *Meidl v. Aetna*, No. 15-cv-1319-JCH (D. Conn.)." An opt-out request that does not clearly state you wish to be excluded—or that makes conflicting requests to be excluded and to receive monies under the Settlement—will not be treated as a valid opt-out.

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE _____, OR ARE NOT SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 PM PACIFIC TIME ON _____, WILL NOT BE HONORED.**

### 9. IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER?

No. If the Court approves the Settlement and you do not opt-out by the deadline, you will be subject to the release of claims described in Question 5 above, and will lose your right to sue Aetna for relief arising from the Released Claims. You will receive a monetary payment from the Settlement only if you do not exclude yourself.

## OBJECTING TO THE SETTLEMENT

### 10. HOW DO I OBJECT TO THE SETTLEMENT?

You can object to the Settlement, the proposed Plan of Allocation, the attorneys' fees and expenses requested, or the class representative incentive award. Submitting an objection gives you the chance to tell the Court why you think the Court should not approve any of these things, but will not exclude you from the Settlement. To object, you must send the Court a letter via first class mail stating why you object to the Settlement. Be sure to include your name, address, telephone number, and signature. You must mail the objection to these three different groups so that they are received by the Court, Class Counsel, and counsel for Aetna no later than _____:

| Court | Class Counsel |
|---|---|
| Clerk of the Court<br>United States District Court for the District of Connecticut<br>141 Church Street<br>New Haven, CT 06510 | Andrew N. Goldfarb<br>D. Brian Hufford<br>Jason S. Cowart<br>Zuckerman Spaeder LLP<br>1800 M Street, NW, Suite 1000<br>Washington, DC 20036 |
| **Aetna Counsel** | |
| Geoffrey M. Sigler<br>Alex Gesch<br>Gibson Dunn & Crutcher LLP<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036 | |

**OBJECTIONS THAT ARE NOT RECEIVED BY THE COURT ON OR BEFORE _____ WILL NOT BE HONORED.**

## THE LAWYERS REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

Yes, unless you exclude yourself from the Class. The Court decided that D. Brian Hufford, Jason Cowart, and Andrew N. Goldfarb of Zuckerman Spaeder LLP, and Meiram Bendat of Psych Appeal, Inc., are qualified to represent the members of the Class. Together, the lawyers are called "Class Counsel."

### 12. WILL THE LAWYERS AND CLASS REPRESENTATIVE BE PAID, AND IF SO HOW?

The Settlement Agreement allows Class Counsel to ask the Court to approve payment of attorneys' fees up to 33.3% of the Settlement Amount, plus the expenses incurred during the case. Thus, the maximum amount in attorney's fees and litigation costs from the Settlement is $2,066,667. This payment will compensate Class Counsel for their work investigating the facts, litigating the case, and negotiating the Settlement. The Court must approve the amount of fees and costs awarded to Class Counsel. Class Counsel will file a motion requesting attorneys' fees and litigation costs no later than _____, so you will have time to review that motion prior to deciding whether you want to object or opt-out.

The amount that the class representative (who brought the lawsuit and who has served as the named plaintiff) receives for his denied TMS claims will be determined by the same Plan of Allocation used for all Class Members. In addition, the Settlement Agreement allows Class Counsel to ask the Court for an "incentive fee" award of up to $20,000 for the class representative. That motion will be filed no later than _____. Any incentive fee award must be approved by the Court.

Class Counsel's motion for attorneys' fees and costs, and an incentive award to the class representative, will be available on the website www.AetnaTMSSettlement.com, or you can contact the Settlement Administrator.

### 13. HOW IS THE COST OF PROVIDING NOTICE TO CLASS MEMBERS PAID FOR?

The costs of providing notice about the Settlement to Class Members will come out of the Settlement Amount.

## THE FAIRNESS HEARING

### 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on _____, at _____, at the United States District Court for the District of Connecticut, 141 Church Street, New Haven, CT 06510. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge in the case, Judge Janet C. Hall, will listen to people who have asked in advance to speak at the hearing. The Court may also decide how much Class Counsel may receive in attorneys' fees and expenses. The Court will also decide how much the class representative should receive as an incentive award. After the hearing, the Court will decide whether to approve the Settlement. It is not known how long these decisions will take.

The Court can change the date of the hearing without further notice, so please check the docket for the case if you want to appear to make sure that the date and time have not changed.

### 15. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you retain your own lawyer, your lawyer can attend on your behalf.

### 16. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Meidl v. Aetna*, No. 15-cv-1319-JCH." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be received no later than _____, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in Question 10. You cannot speak at the hearing if you opted out of the Settlement.

## GETTING MORE INFORMATION

### 17. ARE THERE MORE DETAILS ABOUT THIS LAWSUIT?

Yes. Additional information regarding the lawsuit and the Settlement is also available at www.AetnaTMSSettlement.com. The information includes the complaint filed in the case; the Settlement Agreement and its attachments; the Opt-Out Form and Objection Form; and the motion for preliminary approval of the Settlement, along with the exhibits to the motion. In addition, the motion for attorneys' fees and expenses will be posted to the website after it is filed on or before _____.

### 18. HOW CAN I LEARN MORE?

If you have additional questions about the Settlement or the case, you can go to www.AetnaTMSSettlement.com, call 1-877-890-8089, or email mail@AetnaTMSSettlement.com. You can also write to the Aetna TMS Notice Administrator, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 4028, Portland, OR 97208-4028.