Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Geoffrey Sigler
Direct: +1 202.887.3752
Fax: +1 202.530.9635
GSigler@gibsondunn.com

February __, 2019

VIA UPS OVERNIGHT

[Address]

Re:   Notice Pursuant to 28 U.S.C. § 1715 of Proposed Class Action Settlement

Dear [Mr./Madam Attorney General]:

I write to you on behalf of Aetna Inc. and Aetna Life Insurance Company (collectively "Aetna"), which are defendants in the certified class action *Meidl v. Aetna Inc. et al.*, currently pending in the United States District Court, District of Connecticut (Civil Action No. 15-cv-1319 (JCH)), before the Honorable Judge Janet C. Hall. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Aetna is notifying you of a proposed settlement of the class action.

The following is a brief description of the litigation covered by the proposed settlement, which is described in greater detail in the enclosures. Plaintiffs in this action assert federal claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, challenging Aetna's decisions not to cover Transcranial Magnetic Stimulation ("TMS") for the treatment of major depression, based on a conclusion that it was unproven, experimental, and investigational, prior to July 29, 2016. Aetna denies all of these claims, but has agreed to settle the action to avoid the risks inherent in further litigation. The class consists of all Aetna plan members that from September 3, 2009 through July 29, 2016 were denied coverage for TMS for the treatment of major depression on the ground that TMS was experimental, investigational, or unproven. The class includes both persons whose post-service claims for reimbursement were denied and persons whose pre-service requests that Aetna confirm coverage for TMS were denied. This class definition, and additional information about the scope of the litigation and settlement, are described in greater detail in the enclosures.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

6735875.1

February __, 2019
Page 2


Notice and Enclosed Copies of Settlement Materials

Pursuant to 28 U.S.C. § 1715(b), enclosed please find a disk containing the following materials (in Adobe Acrobat (.pdf) format) relating to the proposed settlement, many or all of which are also available through the Internet on the Court's PACER web site (https://ecf.ctd.uscourts.gov/cgi-bin/login.pl):

   (1) the settlement agreement between the parties, including the proposed class member notices and other exhibits;

   (2) the motion for preliminary approval filed by the parties with the Court on February 15, 2019, as well as the proposed preliminary approval order;

   (3) the proposed final approval order and judgment; and

   (4) the original and amended complaints, as well as the Court's class certification and summary judgment rulings;

Other Agreements

Pursuant to 28 U.S.C. § 1715(b)(5), there are no settlements or other agreements contemporaneously made between class counsel and counsel for Aetna relating to the actions and class covered by the settlement agreement, other than the settlement agreement and related exhibits and filings on the enclosed disk.

Hearing Dates

The parties filed their motion for preliminary approval on February 15, 2019. The Court has / has not set a hearing for that motion on _____. Requests to opt out, objections, and other filings related to the settlement will be due by deadlines to be set by the Court. The Court also has / has not set a fairness / final approval hearing on the settlement on ____. In the event the Court reschedules any of these deadlines or hearings, you may find this information by visiting the PACER online docket for the action at https://ecf.ctd.uscourts.gov/cgi-bin/login.pl.

Estimated Class Information

Pursuant to 28 U.S.C. § 1715(b)(7)(A), it is not feasible to provide the names of class members who reside in your State or Territory. Instead, pursuant to 28 U.S.C. § 1715(b)(7)(B), Aetna is providing a reasonable estimate, based on currently available and readily accessible information, of the number of class members in the class residing in your

February __, 2019
Page 3

State or Territory and the estimated proportionate share of the claims of such members to the entire settlement.

Aetna's estimates for each State or Territory are based on claim and preauthorization request data that Aetna produced to plaintiffs' counsel, subject to a protective order in the litigation and in connection with confirmatory discovery for this settlement.  Based on this data, Aetna's estimates for your State or Territory are as follows:

- Estimated number of class members in your State:  [____]

- Estimated proportionate share of claims, based on the estimated number of class members in your State divided by the total estimated number of class members nationwide:  [____]

If you have any questions regarding these materials, please do not hesitate to contact me by phone at (202) 887-3752 or by email at gsigler@gibsondunn.com.

Sincerely,


Geoffrey Sigler
Enclosure(s)


cc:     Alex Gesch

6735875.1