**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | NO: 3:15-CV-01319-JCH |
| | ) | |
| v. | ) | |
| | ) | |
| AETNA INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DECLARATION OF ANDREW N. GOLDFARB IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT</u>**

I, Andrew N. Goldfarb, declare and state as follows:

1.     I am over the age of eighteen. I am an attorney with Zuckerman Spaeder LLP, 1800 M Street NW, Suite 1000, Washington, DC 20036. My business telephone number is (202) 778-1822. My business facsimile number is (202) 822-8106. My business e-mail address is agoldfarb@zuckerman.com.

2.     I am licensed to practice in New York, the District of Columbia, and California, and have been admitted to this Court *pro hac vice* (phv 07743).

3.     Our firm is counsel to Plaintiff Christopher Meidl, on his own behalf and on behalf of the certified class (the "Class"), in the above-captioned matter.

4.     I am responsible for the day-to-day management of this action. I have personal knowledge of the facts set forth herein.

5.     In connection with the settlement conference process overseen by Magistrate Judge Merriam, Aetna provided Class Counsel with information about the size and composition

Case 3:15-cv-01319-JCH   Document 203-10   Filed 02/15/19   Page 2 of 4

of the Class for the entire Class Period, and the parties engaged in arms-length settlement discussions and exchanged settlement demands.

6.      On January 10, 2019, after an all-day settlement conference with Judge Merriam, the parties reached an agreement in principle.

7.      On January 17, 2019, the parties executed a term sheet. They then proceeded to negotiate the Settlement Agreement that is the basis for Plaintiff's unopposed motion for preliminary approval.

8.      During the drafting and negotiations of the Settlement Agreement, Aetna provided Class Counsel with extensive data about the size and composition of the Class for the full Class Period. In addition, Aetna provided Class Counsel with claim data documenting each Class member's claims for TMS and/or requests for pre-authorization and the billed charges for TMS for each Class member who filed a post-service claim for benefits. This information allowed Plaintiff to confirm the information that underlies the terms of the Settlement and to evaluate the risks of continuing to litigate and the benefits of the proposed Settlement.

9.      During class certification discovery in 2016, Aetna produced claim data about its decisions on requests for TMS coverage (both post-service claims and pre-authorization requests) covering about half of the Class Period. As a condition of settlement, however, Plaintiff demanded additional updated claim data showing the size and characteristics of the Class covering the entire Class Period. Aetna provided multiple rounds and multiple categories of claim and preauthorization data to support the Parties' best efforts to identify all Class members.

10.     As part of his class certification motion in 2016, Plaintiff had identified particular codes and explanations that Aetna used to deny coverage for TMS on the grounds that it was experimental, investigational, or unproven. *See* Goldfarb Decl. in Supp. of Class Cert. ¶¶ 11, 18

2

6731510.3
6736080.1

(filed under seal Oct. 14, 2016). During settlement negotiations, the parties conducted a careful analysis of denial codes throughout the broader data sets produced by Aetna as part of confirmatory discovery, so that the Settlement could include all of the relevant denials of TMS as Experimental, Investigational, or Unproven Services for the entire Class Period. Thus, Class members who had a claim denied pursuant to any of the applicable codes or explanations will receive the Notice and be eligible for compensation from the Settlement Fund.

11.   Data produced by Aetna for the full Class Period show total billed charges for the Class in the range of $6.5 million.

12.   Data produced by Aetna show that for claims for TMS that Aetna has paid, it has on average paid substantially less than the billed charge amount, reflecting reductions based on plan terms, co-insurance, and deductible obligations. After deduction of the requested Incentive Award, attorneys' fees, and notice costs from the Settlement Amount, Class Counsel currently estimate that Class members who receive pro rata distributions from the Settlement Fund are likely to receive approximately 70% of what they likely would have received if their claims were all deemed covered.

13.   During the screening process to select a proposed Settlement Administrator, I satisfied myself that Epiq Class Action & Claims Solutions, Inc. has the requisite experience administering settlements in cases that require the maintenance, handling, and protection of sensitive, confidential information such as protected health information.

14.   Based on all of the information produced during the case, including the claim data produced by Aetna during negotiations of the Settlement, Class Counsel, who have extensive experience litigating ERISA class actions suits, evaluating claim data, negotiating class settlements, and developing fair and equitable plans of allocation, believe that the proposed

6731510.3
6736080.1

Settlement and Plan of Allocation is a fair, adequate, and reasonable settlement that is very favorable for the Class.

15.     The class representative, Mr. Meidl, has been a diligent, attentive, and unwavering advocate for the interests of the Class throughout the case. Class Counsel frequently litigate cases involving behavioral health issues; such cases cannot succeed without individuals like Mr. Meidl, who willingly cast a light on his own serious depression to help others. Mr. Meidl publicly disclosed highly private, personal health information to vindicate the rights of all persons situated similarly to him. He demonstrated extraordinary courage to serve as the named plaintiff and has made it possible to obtain substantial relief for the Class. Mr. Meidl dedicated hundreds of hours to the case. He closely followed case developments throughout the case; prepared for and gave a full-day deposition; met in-person with Class Counsel to discuss litigation and trial strategy; conferred with Class Counsel in advance of key submissions and hearings; and attended key events in the case, including the successful settlement conference on January 10, at which he advocated effectively for the Class.

Dated: February 15, 2019                    /s/ Andrew N. Goldfarb
                                            Andrew N. Goldfarb, Esq.

6731510.3
6736080.1