UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of the certified class | : : : | CIVIL ACTION NO. 3:15 CV 01319 (JCH) |
| Plaintiff, | : : | |
| v. | : : | |
| AETNA INC., and AETNA LIFE INSURANCE COMPANY, | : : : | FEBRUARY 26, 2019 |
| Defendants. | : : | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

WHEREAS, Plaintiff Christopher Meidl ("Plaintiff"), individually and on behalf of the Class, and Defendants Aetna Inc. and Aetna Life Insurance Company (together, "Defendants," "Aetna Defendants," or "Aetna") have determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated February 15, 2019 and all exhibits thereto (the "Settlement Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement");

WHEREAS, Plaintiff has filed an unopposed motion for an order that, inter alia, (1) preliminarily approves the Settlement on the terms set forth in the Settlement Agreement; (2) appoints the Settlement Administrator; (3) directs the Settlement Administrator to notify the members of the Class per the approved form of notice; (4) establishes a deadline for members of the Class to opt out of or object to the Settlement; and (5) schedules a hearing to determine whether the Settlement should be finally approved as fair, reasonable and adequate, and whether an order finally approving the Settlement should be entered;

WHEREAS, the Court, having read and considered the motion, the memorandum submitted in support of the motion and the exhibits thereto (including the Plan of Allocation), the Settlement Agreement and the exhibits thereto, including the proposed (i) Notice of Proposed Settlement of Class Action and Fairness Hearing; (ii) Order of Final Approval of Settlement; and (iii) Class Action Fairness Act of 2005 Notices, finds that substantial and sufficient grounds exist for entering this Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing ("this Order"); and

WHEREAS, upon review and consideration of the foregoing materials, the Court has found good cause for entering this Order.

THEREFORE, IT IS ORDERED THAT:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2. The proposed Settlement as reflected in the Settlement Agreement and all exhibits thereto is hereby preliminarily approved. The Court finds that it is likely to be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

6733964.1
6735863.1

Accordingly, notice of the proposed Settlement should be given to the Class.

3. The Court approves the substance of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") and the Opt-Out Form, which are attached to the Settlement Agreement as Exhibit B. The Notice program includes: (i) the mailing of the Notice directly to members of the Settlement Class; (ii) a Settlement website containing the Notice information, Opt-Out Forms, and relevant pleadings about the case, including the Motion for Preliminary Approval and, when filed pursuant to the schedule set forth herein, the Fee Application and application for an Incentive Amount for the class representative; (iii) a reminder notice mailed partway through the notice period directing Class members to the Settlement website; and (iv) a dedicated telephone number by which members of the Class can obtain information about the Settlement. The Court finds that these procedures established for Notice by the Settlement Agreement are the best practicable under the circumstances and are reasonably calculated to apprise the members of the Class of the pendency of the Action and the proposed Settlement, afford any member of the Class an opportunity to present any objections to the Settlement or to opt out of the Settlement, and comply in all respects with the Federal Rules of Civil Procedure and all of the requirements of due process.

4. The Court approves the form and substance of the CAFA Notices, attached to the Settlement Agreement as Exhibit D. The Court further finds and orders that upon mailing of the CAFA Notice to the attorneys general of the United States and the states where Class members are located (based on available information at the time such notices are sent), Aetna Defendants will have complied with the notice requirements of CAFA.

5. Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator. The Settlement Administrator shall be responsible for providing the Notice to the

6733964.1
6735863.1

Settlement Class in accordance with the provisions of the Settlement Agreement and this Order. The Court finds that the Settlement Administrator has experience handling cases that involve protected health information ("PHI"), including as that term is defined by 45 C.F.R. § 160.103.

6. Within twenty (20) business days of entry of this Order, Aetna shall provide the Settlement Administrator with the Class List. Within sixty (60) days of the date of this Order, the Settlement Administrator shall provide the Notice to all individuals listed on the Class List in accordance with the Settlement Agreement.

7. Aetna and its counsel are authorized and directed to disclose the Class List to the Settlement Administrator in accordance with the foregoing paragraph and the terms of the Settlement. Aetna and its counsel are also authorized and directed to disclose agreed-upon information about Class members and their claims to the Settlement Administrator, Class Counsel, and Aetna's counsel (including its litigation support vendor), as needed to facilitate administration of the Settlement in accordance with this Order and the Settlement's terms. Such disclosures, which include information protected by HIPAA and potentially other laws (including state privacy laws), are necessary to facilitate the Settlement, and therefore good cause and a compelling need exist for these disclosures, the interests supporting disclosure outweigh the need for greater confidentiality, and non-disclosure would be contrary to the public interest. To the extent any provision of federal or state law requires the Parties to obtain a court order as a precondition for the disclosure of information related to or arising out of the treatment of a mental health condition, this Order satisfies that requirement. Aetna shall designate any such material produced containing "Confidential Health Information" as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" under the Discovery Protective Order and produce the data in encrypted form, and the information shall be subject to all the restrictions on use in the

-4-

6733964.1
6735863.1

Discovery Protective Order. In particular, consistent with Paragraphs 7 and 8 of the Discovery Protective Order, Class Counsel shall ensure that, prior to disclosing any Designated Material, the Settlement Administrator is informed of the confidential nature of the Designated Material and the restrictions on the use of this information, and that the Settlement Administrator executes an agreement substantially in the form of Exhibit A to the Discovery Protective Order, agreeing to be bound by the terms of the Discovery Protective Order.

8. In order for a member of the Class to be excluded from the Settlement, the member of the Class must request exclusion by sending a complete, signed, and valid Opt-Out Form to the Settlement Administrator at the address described in the Notice, which must be postmarked no later than forty (40) days after the date on which the Notice is mailed or otherwise provided. In the event that a member of the Class submits a timely and valid Opt-Out Form, that member of the Class shall be excluded from the Class, and shall not be entitled to participate in the Settlement.

9. To object to the Settlement, a Class member must send a complete, signed, and valid objection to the Court at the address described in the Notice, which must be received by the Court no later than forty (40) days after the date on which the Notice is mailed or otherwise provided. The objection must include a written statement that indicates all bases for objection and all documentation in support of the objection. If the objecting Class member intends to appear at the Fairness Hearing, the Class member must also include, as part of the objection, a notice of intent to appear and a list of witnesses (if any) the person may call by live testimony. Copies of such objection and notice, and all documentation in support thereof, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and Aetna's Counsel at the addresses provided in the Notice. Any Class member

6733964.1
6735863.1

who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement. The procedures and requirements for filing objections satisfy the due process rights of all Class members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any Class members' objections to the Settlement.

10. No later than twenty-one (21) days before the opt-out and objection deadline, Plaintiff shall file his motion for attorneys' fees, reimbursement of costs and expenses, and award of an Incentive Amount to the class representative (the "Fee Motion"). The Court finds that this schedule is reasonable and adequate to enable members of the Class to consider the Fee Motion in deciding whether to opt out or object to the Settlement.

11. By no later than fourteen (14) days after the deadline for submission of Opt-Out Forms or objections, Class Counsel shall file Plaintiff's motion for final approval of the Settlement and any other papers in support of final approval. Copies of all papers shall be served upon all Class members (or their counsel) who file a valid and timely objection to the Settlement.

12. The Court will determine whether to grant final approval of the Settlement at a Fairness Hearing to be held before this Court on July 10, 2019 at 10 am, (no sooner than one hundred and twenty-five (125) days after the date this Order is entered) at the United States District Court for the District of Connecticut, 141 Church Street, New Haven, CT 06510 (the "Fairness Hearing"). The Court will determine pursuant to the Fairness Hearing that it has jurisdiction over the subject matter and the Parties. It will further determine whether the proposed Settlement and Plan of Allocation is fair, reasonable, and adequate, and whether it should be finally approved by the Court. Finally, it will decide the Fee Motion, the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel pursuant to Rule

6733964.1
6735863.1

23(h), and the Incentive Amount to be awarded to the class representative.

13. The Settlement Administrator shall, at least seven (7) days prior to the Fairness Hearing, file with the Court proof of mailing of the Notice to the Class.

14. Any Class Member may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement as embodied by the Settlement Agreement and the application for an award of the Incentive Amount, attorneys' fees, costs, and expenses to Class Counsel. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the Settlement Agreement, or the application for an award of attorneys' fees, costs, and expenses to Class Counsel unless such person, no later than forty (40) days after the date on which the Notice is mailed or otherwise provided, has filed with the Court an objection to the Settlement and a notice of an intention to appear.

15. The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind to Class members. Therefore, any Class member intending to attend the Fairness Hearing should (in addition to complying with all instructions and requirements above) monitor the date, time, and location of the Fairness Hearing on the Court docket.

16. Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in the Action are stayed, except as specifically provided for in this Order. If the Effective Date does not occur, or if the Parties' Settlement Agreement is otherwise terminated and canceled pursuant to its terms, the Settlement shall be void and of no force and effect, and the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of the Settlement Agreement. Plaintiffs and Aetna

6733964.1
6735863.1

expressly reserve all rights, claims, defenses, and positions on the appropriateness of class certification for litigation purposes pending final approval of the Settlement.

17. If, before the expiration of the deadline for submitting an Opt-Out Form, a Class member initiates a separate action raising one or more Released Claims, then: (i) within ten (10) days of receiving actual notice of the action, Aetna shall provide a copy of this Preliminary Approval Order to counsel for the plaintiff in such action; and (ii) the plaintiff in such action shall within ten (10) days of receiving this Preliminary Approval Order or the deadline for submitting a valid Opt-Out Form, whichever is earlier, withdraw the complaint without prejudice or submit a valid Opt-Out Form.

18. Except to the extent a Class member validly opts out, in accordance with this Court's authority under 28 U.S.C. § 1651 and Rule 23, pending this Court's ruling on final approval all Class members (on their own behalf and on behalf of their representatives and others listed in Section 2.16 of the Settlement) shall be preliminarily enjoined and barred from asserting any Released Claims against Defendants or their Affiliated Entities. Released Claims are:

> [A]ny and all past, present and future claims, actions, causes of action, rights or liabilities, costs, expenses, losses, debts, or claims, regardless of forum, contingent or non-contingent, accrued or unaccrued, known or unknown, arising out of or related to: (i) a denial of health insurance coverage for TMS for the treatment of major depression (including any requests associated with a diagnosis of major depression, even if there were also other non-depression diagnoses) during the Class Period, including post-service claims for reimbursement and pre-service requests that Aetna confirm coverage; or (ii) any challenge to the development or application of any iteration of CPB 469 in effect prior to July 29, 2016. Released Claims include, but are not limited to, any and all claims, actions, rights or causes of action arising under federal, state, or local statutory or common law or mandate that were raised or could have been raised in the Action concerning any statutory rights under ERISA or coverage for TMS under the terms of an employee benefits plan insured or administered by Aetna during the Class Period.

6733964.1
6735863.1

19. Prior to the entry of the Final Approval Order and Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and counsel for the Aetna Defendants in their discretion without giving any additional notice to the Class (other than the notice given with respect to the Settlement and the Fairness Hearing pursuant to this Order), provided that such modifications in the aggregate are not materially adverse to the Class.

20. This Court hereby retains jurisdiction to consider further matters and applications arising out of or connected with the Settlement and this Order.

21. The Court approves the following schedule for Settlement-related activities:

| DATE | EVENT |
| --- | --- |
| Feb. 26, 2019 [Day 1] | Order entered granting preliminary approval |
| April 29, 2019 [Day 60] | Last day to provide Class notice |
| May 20, 2019 [Day 79] | Plaintiff files request for attorneys' fees and expenses and incentive award for class representative |
| June 11, 2019 [Day 100] | Last day for Class members to opt out or object to Settlement |
| June 25, 2019 [Day 114] | Last day for Plaintiff to file a motion for final approval of the Settlement and to respond to objections |
| July 10, 2019 [Day 125 or after] | Fairness Hearing concerning final approval of Settlement and Plaintiff's motion for attorneys' fees and expenses and incentive award for class representative |

SO ORDERED.

Dated: February 26, 2019

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

6733964.1
6735863.1