# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AETNA INC.; AETNA LIFE INS. CO.; and MCMC, LLC, <br><br> Defendants. | NO: 3:15-CV-01319-JCH <br><br><br><br><br><br> JUNE 25, 2019 |

## DECLARATION OF CHRISTOPHER MEIDL

I, Christopher Meidl, declare and state as follows:

1. I am over the age of eighteen. I reside at 2016 Waterstone Drive, Franklin, TN 37069.

2. I am the named plaintiff and class representative for the certified class in the above-captioned action.

3. I have personal knowledge of the facts set forth herein.

4. I submit this Declaration in support of Plaintiff's supplemental submission in support of the motion for attorneys' fees and expenses.

5. In 2013, I underwent a course of transcranial magnetic stimulation ("TMS") to treat my long-term major depression. The complaint in this case describes my mental health and treatment history.

6. As detailed in the complaint, Aetna denied my pre-service request for coverage. It then denied all of my post-service claims for benefits, citing its policy that TMS was

experimental and experimental for major depression and thus excluded from coverage under my health plan.

7. In 2013 and 2014, my internal and external appeals of the denial of my TMS claims were rejected.

8. After denials of my appeals, I was interested in pursuing litigation against Aetna because I believed not only that Aetna's denial of my specific TMS claims under my health plan was wrong, but also that that Aetna's policy at the time—that TMS was *always* experimental and investigational for treating major depression—was improper.

9. I did Internet research to try to identify firms that might be able to assist me. I recall reaching out to at least two firms—one in Tennessee and one in Chicago—about the possibility of bringing an action against Aetna. However, I did not retain those firms, as I concluded that they did not possess the right experience or expertise to help me. I do not recall my research turning up any Connecticut firms as candidates to take my case.

10 In mid-2015, I learned from my TMS provider about the possibility of a class action lawsuit against Aetna about TMS. After doing background Internet research on Zuckerman Spaeder LLP, I reached out via email to Brian Hufford at that firm.

11. After a series of communications, I retained Zuckerman and agreed to serve as the named plaintiff in a putative class action case against Aetna to challenge not just the denial of benefits claims for TMS, but the policy underlying those denials. I understood that Class Counsel was willing to pursue the case on a full contingency basis and therefore would assume all risk of an unsuccessful outcome. In the engagement letter, I agreed that in the event of a successful outcome, Zuckerman would be entitled to apply to the court for one-third of a monetary recovery or their total fees based on their hourly rates, whichever was greater.

12. When I first contacted Mr. Hufford, I was not familiar with what might be an appropriate or effective legal approach for a lawsuit against Aetna, or where might be an appropriate forum in which to pursue the case. I asked Mr. Hufford lots of questions about the proposed "theory of the case" and how he anticipated the litigation might proceed. I learned that Zuckerman was also counsel in a similar ERISA class action case challenging a TMS policy of another insurance company.

13. After my communications with Mr. Hufford, I concluded that he and Zuckerman had extensive experience and expertise that was specific to the factual and legal issues surrounding ERISA and TMS that I had confronted with Aetna, and also that the firm was capable of challenging the Aetna-wide policy on TMS.

14. After over three years of litigation, first relating to class certification and then on the "merits," followed by negotiation of the settlement for which the class seeks final approval, I continue to believe that Class Counsel has done exceptional work on my behalf and on behalf of the class.

15. As the submissions in support of the settlement and the fee application demonstrate, if the settlement is approved the litigation will have produced real change and benefits for the class. Critically, while the case was going on, Aetna changed its TMS policy to cover TMS in certain circumstances—a company-wide change that was very important to me, and which I believe would not have occurred if I had tried to find a lawyer to sue only over my individual claim denials. In addition, the proposed settlement will create a common fund equal to about 98% of the total billed charges for TMS that was the subject of benefit claims that Aetna denied, according to Aetna's records. The settlement will provide significant monetary relief to every member of the class.

16. As indicated in the original fee application and consistent with my engagement agreement with Zuckerman, from my perspective as the class representative Class Counsel has earned the requested 33.3% of the settlement amount as their fee.

Executed this 25th day of June, 2019, in Franklin, TN.

*Chris Meidl*
Christopher Meidl