# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated, ) ) ) | ) | NO: 3:15-CV-01319-JCH |
| Plaintiff, ) ) | | |
| v. ) ) | | |
| AETNA INC.; AETNA LIFE INS. CO.; and MCMC, LLC, ) ) ) ) | ) | JUNE 25, 2019 |
| Defendants. ) | | |

## SUPPLEMENTAL DECLARATION OF ANDREW N. GOLDFARB IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL SUBMISSION FOR ATTORNEYS' FEES AND EXPENSES

I, Andrew N. Goldfarb, declare and state as follows:

1. I am over the age of eighteen. I am an attorney with Zuckerman Spaeder LLP, 1800 M Street NW, Suite 1000, Washington, DC 20036. My business telephone number is (202) 778-1822. My business facsimile number is (202) 822-8106. My business e-mail address is agoldfarb@zuckerman.com.

2. I am licensed to practice in New York, the District of Columbia, and California, and have been admitted to this Court *pro hac vice* (phv 07743).

3. Our firm is counsel to Plaintiff Christopher Meidl, on his own behalf and on behalf of the certified Class, in the above-captioned matter.

4. I am responsible for the day-to-day management of this action.

5. I submit this supplemental declaration in support of Plaintiff's Supplemental Submission in support of his Motion for Attorneys' Fees and Expenses and Incentive Award for

Named Plaintiff. This declaration is based on my personal knowledge and discussions with my partners and colleagues.

6. In my original declaration in support of Plaintiff's fee application ("First Goldfarb Declaration") [Dkt. 207-2], I stated that, based on the listed rates, the total lodestar for all counsel was $2,067,882.25. Due to a computation error, that calculation was incorrect. The correct lodestar was $2,060,525.25, a difference of $7,357.

7. Based on time spent on this case since submission of the fee application, including in connection with overseeing implementation of the notice plan, and based on the additional time we anticipate spending on the case through the final approval hearing and implementation of the settlement, even accounting for the correction to the lodestar calculation Class Counsel's lodestar will exceed the amount of the fee request. Accordingly, Class Counsel will have a multiplier of less than one.

8. In the First Goldfarb Declaration, I provided information about the background and experience of the three Zuckerman lawyers most involved in this case—Messrs. Hufford, Cowart, and me. As requested by the Court, attached as Exhibit 1 hereto is a chart and supporting information about all of the Zuckerman Spaeder partners, associates, and staff attorneys who have worked on the case.[1] For each person, the chart provides the year of bar admission, office, position, hourly rate, and the number of hours worked on the case as of the date of the original fee application. I have also attached as Exhibit 2 the firm website biography for each lawyer who has worked on the case, if currently at Zuckerman Spaeder. The five partners and associates listed on Ex. 1 who are no longer at Zuckerman worked a combined 55.2 hours on the case.

---

[1] The lodestar chart in the prior declaration included hours and rate information for all Zuckerman personnel who billed time on this case, including non-lawyers. *See* First Goldfarb Decl. ¶ 22.

9. Other than Mr. Hufford, Mr. Cowart, and me, only one other partner, and one associate, billed at least 11 hours on the case. Ms. Junghans (29.7 hours) is a highly experienced trial lawyer who got involved in the later stages of the case in anticipation of a trial. Mr. Caridas (36.8 hours) assisted Mr. Hufford and Mr. Cowart in the very early stages of the case before I assumed primary responsibility for the litigation. The other lawyers listed on Ex. 1 performed limited legal and/or factual research or helped with other discrete tasks.[2]

10. In the First Goldfarb Declaration, I explained that Zuckerman sets hourly rates to be competitive with peer firms in the national market for complex litigation, and that those rates do not account for the assumption of risk that comes from taking cases on a full contingency basis, as in this case. *Id.* ¶ 8.

11. Here, Zuckerman calculated its lodestar using the rates that Zuckerman presumptively and regularly charges for complex, high-stakes litigation matters, which often involve well-funded adversaries represented by large, sophisticated, national law firms. These rates are set annually after analysis of information about billing rates from multiple sources regarding peer firms that engage in such litigation, including proprietary surveys published by accounting firms. Such information contains rates based on position (e.g., partner, associate) and experience (i.e., number of years out of law school). Zuckerman concentrates its analysis on firms engaged in complex litigation matters (other than intellectual property), including firms against which Zuckerman regularly competes for business and firms that Zuckerman regularly litigates with or against. The rates typically fall in the middle range of relevant reported rates for such firms, i.e., the band that is 25% below and 25% above the median rate for a lawyer with the

---

[2] Ms. Lovell (54.8 hours) was a law school graduate who acted as a legal researcher/librarian during the period she worked on the case. Ms. Duignan is a paralegal with over 15 years' experience who has played an indispensable role assisting Class Counsel in all facets of this case.

same level of experience. For hourly fee engagements in some cases (such as a large volume matter unlikely to raise payment issues, a matter for a longtime client, or a matter involving particular circumstances, such as smaller or local litigation), the firm may discount these rates.

12. I understand that for the past three years, the firm's realization rate (dollars collected on dollars billed) on its charged rates has averaged just under 95% in matters with hourly billing arrangements.

13. Zuckerman clients have paid the rates of Mr. Hufford, Mr. Cowart, and me (as well as the other lawyers included in the lodestar) in hourly fee arrangements. For example, in the past year Mr. Hufford and Mr. Cowart have represented medical laboratories, oncology facilities, and other medical providers on different ERISA matters on an hourly fee basis. And in different lawsuits over the past few years, clients including a post-bankruptcy liquidating trustee, a manufacturer of certain aerospace products, and a drug manufacturer have paid my hourly rates to prosecute and defend cases in both state and federal court.

14. In February 2019 Zuckerman was named by Law360 as the 2018 Benefits Group of the Year for its "pioneering" work using ERISA to challenge health insurance policies and hold insurance companies to their fiduciary obligations imposed by ERISA. *See* Exhibit 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed this 25th day of June 2019 in Washington, DC.

/s/ Andrew N. Goldfarb
Andrew N. Goldfarb, Esq.