# EXHIBIT 3


Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Benefits Group Of The Year: Zuckerman Spaeder

By **Emily Brill**

Law360 (February 21, 2019, 3:46 PM EST) -- Zuckerman Spaeder LLP got the Eighth Circuit to end an allegedly abusive billing practice by UnitedHealth Group Inc. and made progress in its fight to expand the insurer's coverage of mental health, behavioral health and substance abuse treatment, earning it a place among **Law360's 2018 Benefits Groups of the Year**.



Since 2014, the group, led by partners D. Brian Hufford and Jason Cowart, has pioneered a strategy by which health care providers can use the Employee Retirement Income Security Act's fiduciary provisions to force insurers to answer for large-scale claim denials.

That strategy first paid off in the consolidated cases Wit et al. v. UnitedHealthcare et al. 🔴 and Alexander et al. v. United Behavioral Health 🔴, which **went to trial** in October 2017. A result is pending in the litigation known as the Wit case, which challenges 222 of UnitedHealth Group's coverage guidelines for mental health and substance abuse treatment.

The Wit case marked the first time that health care plan participants **were allowed to band together** in an attempt to hold their insurer responsible for coverage denials, Cowart and Hufford said. Typically, challenges to coverage denials proceed on an individual basis, but Zuckerman Spaeder devised a strategy by which participants could fight the rejections as a class.

"Historically, insurers were able to use ERISA largely as a shield," Cowart said, explaining that insurers could ward off state-law class actions by pushing beneficiaries into ERISA single-plaintiff lawsuits, because ERISA preempts most state benefit laws. "Brian and I have developed a collection of legal theories that allow providers and patients to use ERISA as a sword."

Those theories were on full display in Bushell v. UnitedHealth Group Inc. 🔴 , a proposed class action filed by the firm that survived a motion to dismiss in March. The suit challenges United subsidiary Oxford Health Plans Inc.'s alleged refusal to cover nutritional counseling for anorexia patients, despite covering it for diabetes patients.

A New York federal judge decided the proposed class adequately alleged violations of the Mental Health Parity and Addiction Equity Act of 2008, a provision of ERISA. Discovery is now underway, with the case headed toward a roughly eight-day bench trial at an as-yet-unscheduled date.

The Bushell case is notable because it marks the first time Zuckerman Spaeder filed a class action over the denial of coverage for eating disorder treatment, the attorneys said.

Another significant recent achievement for Zuckerman Spaeder was its Eighth Circuit win in Peterson v. UnitedHealth Group 🔴 , a class action that challenged a billing practice attorneys called a "lucrative tactic" for insurers that shortchanged health care providers.

According to court documents, UnitedHealth underpaid doctors for medical care if it believed it had overpaid them for care in the past. It wouldn't matter what patient received the care or what plan they were covered by — if United believed it overpaid Dr. Jones for her treatment of John, it could subtract money from the bill for her treatment of Sarah, attorneys said.

Known as "cross-plan offsetting," the tactic violated ERISA by misusing plans' assets, Hufford and Cowart argued.

In January, an Eighth Circuit panel **found the tactic was unreasonable** and ordered UnitedHealth Group to stop using it. UnitedHealth has since **urged the full Eighth Circuit** to reconsider the panel's decision.

Since Hufford and Cowart joined Zuckerman Spaeder in 2014, they have been pursuing suits like this one — cases that challenge decisions by huge health insurers that happen behind closed doors, affect large swaths of people and largely go unchallenged.

"One of the things a lot of our cases are about ... is how much of health insurance happens behind the scenes," Hufford said.

"Insurers are engaging in a lot of activities inside that black box that no one is engaging or challenging," Cowart added.

When he and Hufford decided to challenge those decisions, they looked to ERISA — the law previously used to torpedo many class actions — as their launchpad, Cowart said.

"We thought there were a lot of ERISA doctrines that weren't being utilized by doctors and their patients. We thought we could take the insurers up on their argument. ERISA preempts all these state law claims? All right, fine — let's see how you fare against ERISA claims," Cowart said.

--Additional reporting by Cara Bayles and Rachel Graf. Editing by Marygrace Murphy.

All Content © 2003-2019, Portfolio Media, Inc.