EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated, | CIVIL ACTION NO. 3:15 CV 01319 (JCH) |
| Plaintiff, | |
| v. | |
| AETNA INC., and AETNA LIFE INSURANCE COMPANY, | |
| Defendants. | |

## DECLARATION OF ANGIE BIRDSELL REGARDING IMPLEMENTATION OF NOTICE AND SETTLEMENT ADMINSTRATION

I, Angie Birdsell, hereby declare and state as follows:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the appointed Settlement Administrator for the above-captioned case. I received Bachelor of the Arts and Bachelor of Science degrees from Arizona State University. Prior to joining Epiq, I had 10 years' experience as a Project Manager in bankruptcy case administration and banking systems management. The statements of fact in this Declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business, and if called on to do so, I could and would testify competently thereto.

2. Epiq was appointed as the Settlement Administrator pursuant to the Court's Order Granting Preliminary Approval of Class Settlement (the "Order") dated February 26, 2019, and in accordance with the Settlement Agreement dated February 15, 2019 (the "Agreement").[1] I submit

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Agreement.

this Declaration in order to advise the Parties and the Court regarding the implementation of the Court-approved notice process, and to report on Epiq's handling to date of the Settlement administration, in accordance with the Order and the Agreement.

3.      Epiq was established in 1968 as a client services and data processing company. Epiq has administered bankruptcies since 1985 and settlements since 1993.  Epiq has routinely developed and executed notice programs and administrations in a wide variety of mass action contexts including settlements of consumer, antitrust, products liability, and labor and employment class actions, settlements of mass tort litigation, Securities and Exchange Commission enforcement actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation.  Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled.  Epiq's class action case administration services include administering notice requirements, designing direct-mail notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions.  As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments.

4.      Epiq has experience handling class action settlements that involve confidential, or private information that is subject to protective orders or laws such as the Health Insurance

Protection and Portability Act of 1996 ("HIPAA"). Epiq has practices and policies to ensure the protection of confidential health information in this case.

## OVERVIEW OF ADMINISTRATION

5.      Pursuant to the Agreement and Order, Epiq was appointed to provide, and has provided to date, the following administrative services for the benefit of Class Members:

- Mailing of a Notice of Proposed Settlement and Opt-Out Form to Class Members ("Notice");

- Mailing of a reminder notice ("Reminder Notice") to all Class Members;

- Establishing and maintaining an official Settlement Website containing information about the Settlement;

- Establishing and maintaining an official toll-free number that Settlement Class Members may contact for additional information about the Settlement;

- Reviewing and processing Opt-Outs received by Epiq;

- Reviewing and tracking objections received by Epiq;

- Receive, process, track, and report on Disputes sent to or received by Epiq;

- As appropriate, mailing deficiency letters, and tracking responses thereto;

## DATA TRANSFER

6.      Counsel for Defendants provided Epiq with an electronic file containing potential Class Member records.  The file contained names, addresses, and other relevant custom data for 1,164 potential Class Members ("Class Data").

7.      Epiq loaded the Class Data into a database created for the purpose of administration of the proposed Settlement.  Epiq assigned unique identifiers to all the records it received in order

to maintain the ability to track them throughout the Settlement administration process. This resulted in 1,164 of Class Member records (the "Class List").

## DISSEMINATION OF THE NOTICE OF PROPOSED SETTLEMENT

8.      Pursuant to Section 2 of the Agreement and Section 3 of the Order, Epiq was responsible for sending the Notice to all potential Class members via U.S. First Class Mail. Attached hereto as **Exhibit A** is the Notice that Epiq disseminated by mail.

9.      Prior to mailing the Notice to the Class List, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS.[2]   In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. To the extent that any Class member had filed a USPS change of address request, and the address was certified and verified, the current address listed in the NCOA database was used in connection with the Notice mailing. This address updating process is standard for the industry and for the majority of promotional mailings that occur today. A total of 162 records in the Class List sent through the USPS NCOA, CASS, and DPV process were updated with new addresses.

10.      Prior to mailing the Notice, Epiq established a dedicated post office box from which to mail the Notice and to receive correspondence or information from Class members. Epiq will continue to maintain the P.O. Box throughout the administration process.

11.      On April 29, 2019, Epiq mailed 1,164 Notices via First Class USPS Mail to potential Class members on the Class List with a valid mailing address.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

12.     As of June 21, 2019 a total of 74 Notices have been returned to Epiq without forwarding address information.  As a result of skip trace searches performed by Epiq using a third-party lookup service "ALLFIND," maintained by LexisNexis, a total of 62 addresses were updated and 62 Notices were re-mailed to the updated addresses.

13.     On June 17, 2019, Epiq mailed 1,164 Reminder Notices via First Class U.S. Mail to all individuals identified as potential Class Members. The Reminder Notice informed Class Members that the date to file an Opt Out, object to the settlement, or submit additional information was extended to June 26, 2019, and directed them to the Settlement website or Epiq for more information, including about Plaintiff's motion for attorneys' fees and expenses and incentive award. A copy of the Reminder Notice is included as **Exhibit B**.

14.     As of June 21, 2019, Epiq has mailed Notice to 1,164 Class members, with Notice to 12 unique Class members currently known to be undeliverable, which is a 98.9% deliverable rate to the Class.

## <u>SETTLEMENT WEBSITE</u>

15.     Pursuant to Section 3 of the Order, on April 29, 2019, Epiq launched a website, www.AetnaTMSSettlement.com ("Website"), that potential Class members could visit to obtain additional information about the proposed Settlement. The Website also contains links to important documents and filings in the case, including the Notice, Opt Out Form, Settlement Agreement, Preliminary Approval Order, and Plaintiff's Motion for Attorneys' Fees and Expenses and Incentive Award for Named Plaintiff. The Website contains a summary of options available to Class members, deadlines to act, and provides answers to frequently asked questions.  The Website also included a secure portal that allowed Class Members to submit a dispute if they thought they paid more for TMS during the Class Period than Aetna's records showed.

16.     As of June 21, 2019, the Website has been visited by 110 unique visitors and 1,043 website pages have been viewed.

## TOLL-FREE INFORMATION LINE

17.     Pursuant to Section 3 of the Order, on April 29, 2019, Epiq established and has maintained a toll-free interactive Voice Response Unit ("VRU"), 1-877-890-8089, to provide information and accommodate inquiries from Class members.  Callers hear an introductory message and then are provided with scripted information about the Settlement in the form of recorded answers to frequently asked questions.  Callers also have the options of requesting a Notice by mail, or speaking to a live operator during normal business hours.  The toll-free number was included in the Notice sent to Class members and the automated telephone system is available 24 hours per day, 7 days per week.

18.     As of June 21, 2019, the toll-free number has received 147 calls representing 1,442 total minutes, and call center representatives have handled 103 inbound calls representing 1,527 minutes of use and 51 outbound calls representing 155 minutes of use.

## REQUESTS FOR EXCLUSION

19.     Pursuant to Section 2.5 of the Settlement Agreement and Section 8 of the Order, Class members who wished to be excluded from the Settlement were required to mail or submit a written Opt Out to Epiq postmarked and/or received on or before the Court-ordered deadline, which the Court extended to June 26, 2019 (Dkt. No. 210). Epiq received four  timely and potentially valid opt-out requests and one timely but incomplete opt out. The list of the five timely requests is attached hereto as **Exhibit C**, which is being filed under seal.

## OBJECTIONS

20.      Epiq did not receive any written objections to the Settlement by the June 26 deadline, and is not aware of any.

## DISPUTES RECEIVED

21.      As explained in the Notice, Class Members who believe that the total amount they paid for TMS services for which Aetna denied coverage or benefits exceeded the amount in Aetna's records were permitted to submit evidence showing the total amount that they paid for TMS to Epiq. By the June 26 deadline, Epiq received submissions from 49 unique Class Members. Epiq is currently reviewing and processing the submitted material, and is conferring with Class Counsel as necessary. Epiq will incorporate valid information into the Class Data so that the ultimate distribution pursuant to the Plan of Allocation accounts for such information.


I declare under penalty of perjury under the laws of the United States and the State of Oregon that the foregoing is true and correct and that this declaration was executed on June _28_, 2019, in Beaverton, Oregon.


Angie Birdsell
Project Manager
Epiq Class Action & Claims Solutions, Inc.

# EXHIBIT A

DECLARATION OF ANGIE BIRDSELL REGARDING NOTICE AND SETTLEMENT ADMINSTRATION

Aetna TMS Settlement Administrator
P.O. Box 4028
Portland, OR 97208-4028



## PLEASE READ
### THIS PAGE CONTAINS IMPORTANT INFORMATION ABOUT THE AMOUNT OF MONEY YOU WERE BILLED FOR TRANSCRANIAL MAGNETIC STIMULATION (TMS).

Unique ID: 796CD7F42E

The attached Notice describes the proposed class action settlement in *Meidl v. Aetna Inc., et al.*, Civ. No. 3:15-cv-01319 (JCH) (D. Conn.). This page contains information specific to you, and relates to how much money you may be entitled to receive from the proposed TMS settlement.

| | |
|---|---|
| According to Aetna's records, the total amount you were billed by your TMS provider for TMS services during the Class Period was: |  |
| According to Aetna's records, the total amount of your TMS claims that were denied in full (i.e., were not treated as an allowable claim) during the Class Period was: | |

If you think that you paid more for TMS during the Class Period than Aetna's records show that you were billed (the amount in the top row), then you can submit evidence showing the total amount that you paid for TMS during the Class Period. If you don't submit evidence showing payments greater than the amount in the top row, then your Recognized Loss for determining your recovery will be the amount in the bottom row. Please see the attached Notice for instructions (Question #5) on how to submit evidence. Evidence must be submitted by **June 11, 2019**.

Documentation should be sent to the Settlement Administrator at Aetna TMS Settlement Administrator, P.O. Box 4028, Portland, OR 97208-4028. You can also email a PDF copy of the documentation to the Settlement Administrator at mail@AetnaTMSSettlement.com.

LEGAL NOTICE BY ORDER OF
THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

**If you sought health insurance coverage or benefits from
AETNA LIFE INSURANCE COMPANY for
TRANSCRANIAL MAGNETIC STIMULATION ("TMS")
for the treatment of MAJOR DEPRESSION
from September 3, 2009, to July 29, 2016, you could get a payment
from the proposed settlement of a class action lawsuit.**

READ THIS NOTICE CAREFULLY.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- There is a proposed settlement ("Settlement") with Aetna Inc. and Aetna Life Insurance Co. (together, "Aetna") in a class action lawsuit, *Meidl v. Aetna Inc., et al.*, No. 3:15-cv-01319-JCH (D. Conn.).

- The Settlement will resolve a lawsuit over whether Aetna violated its obligations related to health plans that Aetna administers under the Employee Retirement Income Security Act of 1974 ("ERISA") by improperly concluding that TMS was an experimental treatment for major depression. The suit alleges that Aetna improperly developed a policy that TMS was an experimental and investigational treatment (the "Aetna TMS Policy") and that Aetna then applied that policy to categorically deny TMS coverage for the treatment of major depression.

- Aetna denies all of the Plaintiff's claims, but has agreed to the Settlement to resolve the class action case.

- The Settlement provides monetary payments to Class Members.

- THIS SETTLEMENT APPLIES **ONLY** TO PEOPLE WHO SOUGHT COVERAGE FOR TMS **FOR THE TREATMENT OF MAJOR DEPRESSION**. IT DOES NOT ADDRESS TMS FOR ANY OTHER CONDITION.

- Under the Settlement, Class Members will release any individual legal claims they may have against Aetna arising out of or related to Aetna's decisions between September 3, 2009, to July 29, 2016 (the "Class Period") concerning coverage of TMS for the treatment of a major depressive disorder.

- Your rights and options—and the deadlines to exercise them—are explained in this Notice. Read this Notice carefully.

- If you have questions, go to www.AetnaTMSSettlement.com, call 1-877-890-8089, or email mail@AetnaTMSSettlement.com. You can also write to Aetna TMS Settlement Administrator, P.O. Box 4028, Portland, OR 97208-4028.



| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS FOR THE SETTLEMENT | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | To remain a Class member for the Settlement, you do not need to do anything. You will be automatically included in the Class, and your portion of the Settlement Fund will be calculated based on Aetna's records. If you believe that those records understate your total billed charges for TMS, you may submit records no later than June 11, 2019 showing how much you were charged for TMS, which may affect the amount of money you are eligible to receive.<br><br>If you remain in the Class, you will give up your right to sue Aetna for claims relating to the subject matter of the lawsuit. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You may request exclusion from the Class (also known as "opting out") by filling out the "Opt-Out Form" online or submitting an email or letter to the Settlement Administrator at the address below. **The request(s) for exclusion must be submitted electronically or postmarked no later than June 11, 2019.**<br><br>If you exclude yourself from the Settlement, you will not lose your claims against Aetna, and you will not be bound by any judgments or orders of the Court as to the Settlement, but you also will not be eligible for any payment from the Settlement nor will you be able to object to the Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like the Settlement. To object to or comment on the Settlement, you must send a copy of the appropriate papers via mail to the Court, Class Counsel, and counsel for Aetna. Their addresses are listed below. **Your written objection must be filed with the Court and sent to Class Counsel and counsel for Aetna no later than June 11, 2019.**<br><br>If you object to the Settlement, you will remain a Class member. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.<br><br>The Court will hold a Fairness Hearing on July 10, 2019, at The United States District Court for the District of Connecticut, 141 Church Street, New Haven, CT 06510 to consider whether the Settlement is fair, reasonable, and adequate. The Court may also consider the motion for Class Counsel's attorneys' fees, costs, and expenses, and for an incentive award for the Class representative. If you want to speak at the Fairness Hearing, you must let the Court and the parties know by providing the Court and the parties with a letter that is received by June 11, 2019, stating that you intend to appear at the hearing. You cannot speak at the hearing if you opt out of the Settlement. |

QUESTIONS? CALL 1-877-890-8089 TOLL-FREE, OR VISIT
WWW.AETNATMSSETTLEMENT.COM.

-2-

X7042 v.03

## 1. WHAT IS THIS LAWSUIT ABOUT?

This lawsuit is about whether during the Class Period, Aetna, in violation of ERISA and the plans that Aetna administers, improperly determined that TMS was an experimental, investigational, or unproven treatment, and then used that determination to deny coverage for TMS for the treatment of major depression. Plaintiff alleges that TMS was not experimental for the treatment of major depression because the FDA approved a TMS device for that use in 2008 and because during the Class Period there was substantial scientific and medical support for TMS as a safe and effective treatment option for major depression. Plaintiff alleges that Aetna breached the duties it owed him and other people covered by insurance plans administered by Aetna when it denied claims for TMS coverage to treat major depression based on the Aetna TMS Policy in effect during the Class Period.

Aetna denies all of Plaintiff's allegations of wrongdoing and contends that it has fully complied with the law.

On July 29, 2016, Aetna changed its TMS Policy to allow coverage for TMS for major depression in certain circumstances. You can review Aetna's current policy on TMS at http://www.aetna.com/cpb/medical/data/400_499/0469.html.

## 2. WHAT IS A CLASS ACTION, AND WHO IS INVOLVED?

In a class action lawsuit, a "class representative" sues on behalf of him, her, or itself and other people who have similar claims. Together, they are called a "class" or "class members." The Class representative for the Settlement is Christopher Meidl, an individual who was denied coverage and benefits by Aetna for TMS.

### WHO IS IN THE SETTLEMENT

## 3. WHO IS A CLASS MEMBER?

In May 2017, the Court decided that the case should proceed as a class action. The Class consists of:

> All participants or beneficiaries in Aetna Plans administered by Aetna (or any of its operating divisions) who, from September 3, 2009, to July 29, 2016, were denied health insurance coverage for TMS for the treatment of major depression using one of the codes for Experimental, Investigational, or Unproven Services. The TMS Class includes both persons whose post-service claims for reimbursement were denied and persons whose pre-service requests that Aetna confirm coverage for TMS were denied.

The Class Period is September 3, 2009, to July 29, 2016.

Excluded from the Class are the federal judge who has presided over the case, and individuals and entities who timely and validly request exclusion ("opt out") from the Class.

Aetna records indicate that you sought coverage for TMS treatment under a health plan administered by Aetna and that Aetna denied your request in whole or in part. Therefore, you are a member of the Class unless you opt out.

If you are not sure whether you are a member of the Class, you can email or write to the lawyers in this case at the addresses listed in Question 10.

## 4. DID THE COURT DECIDE WHO IS RIGHT?

No, the parties entered into the Settlement before the lawsuit reached a trial or court decision, so if the Court approves the Settlement there will not be a trial or decision about which side was right.

### WHAT THE SETTLEMENT PROVIDES

## 5. WHAT DOES THE SETTLEMENT DO?

The Settlement has two major parts: (1) payments to Class Members; and (2) a release by Class members of legal claims arising out of or related to Aetna's decisions concerning coverage of TMS for the treatment of a major depressive disorder during the Class Period.



**(1)    Payments to Class Members**

Under the Settlement, Aetna will make a lump-sum payment of $6.2 million. This Settlement Amount, less settlement administration costs, attorneys' fees and expenses, and any Class representative incentive award, will make up the "Settlement Fund." The Settlement Fund will be used to reimburse Class members. A Settlement Administrator who has experience handling cases that involve personal health information will oversee the distribution of payments from the Settlement Fund to Class members.

The allocation of the Settlement Fund to Class members (the "Plan of Allocation") will be as follows:

- Class members will be entitled to the GREATER of (1) a proportional share of the Settlement Fund based on their Recognized Loss; or (2) a minimum amount, which is expected to be approximately $1,500.00.

- Each Class member's "Recognized Loss" will be the total billed charges for fully denied claims for TMS received during the Class Period as reflected in Aetna's records (up to a maximum of $100,000.00).

  **Attached to this Notice is a sheet that states the total amount that Aetna's records show you were billed (if any) for all TMS that you received during the Class Period, and the portion (if any) of that total billed amount that Aetna records show was denied in full.**

- If you think that you paid more for TMS during the Class Period than Aetna's records show, then you can submit evidence—no later than **June 11, 2019**—showing the total amount that you paid for TMS during the Class Period. If the amount that you document is greater than the amount of billed charges shown in Aetna's records, your Recognized Loss will be the SUM of (i) the difference between the total amount you paid for all TMS received during the Class Period as reflected in the evidence you submit (up to a maximum of $100,000.00) and the total billed charges in Aetna's records, PLUS (ii) the amount of fully denied claims as reflected in Aetna's records.

  o  **NOTE:** You must submit **all** of your TMS payments, not simply those you believe to be missing from Aetna's records. The Settlement Administrator will **not** add the amount you paid for TMS as shown in evidence you submit to the total of billed charges in Aetna's records. That is because doing so would significantly drive up the cost of administration by requiring the Settlement Administrator to cross-check the evidence you submit against the evidence in Aetna's records, and therefore reduce the amount of money available for Class members.

- Your payment likely will be significantly less than your Recognized Loss. The amount of your payment will depend on, among other things, the records submitted by other Class members.

**ALL CLASS MEMBERS WILL RECEIVE A MINIMUM AMOUNT, WHICH IS EXPECTED TO BE APPROXIMATELY $1,500.00.**

**Example:** If Aetna's records show that a Class member submitted $10,000.00 in claims for TMS that were all denied, that person's Recognized Loss will be $10,000.00. But if that Class member submits documentation showing that he or she paid $12,000.00 for TMS, the Recognized Loss will be $12,000.00—that is, the sum of (i) $12,000.00 - $10,000.00, PLUS (ii) $10,000.00. If the Class member's documentation shows anything less than $10,000.00 in paid charges for TMS, then because Aetna's records show a higher amount, the Recognized Loss will be $10,000.00.

If you choose to submit evidence of the total amount you were charged for TMS, you have until **June 11, 2019**, to submit that evidence to the Settlement Administrator. An example of valid documentation is a printout from your TMS provider showing the number of sessions of TMS that you had and the total amount that you paid for TMS during the Class Period.

Documentation should be sent to the Settlement Administrator at Aetna TMS Settlement Administrator, P.O. Box 4028, Portland, OR 97208-4028. You can also email a PDF copy of the documentation to the Settlement Administrator at mail@AetnaTMSSettlement.com.

**(2)    Release of Claims Against Aetna**

Upon the Effective Date of the Settlement after final approval, the Class members will release Aetna (and related entities) for all legal claims against it arising out of or related to Aetna's decisions concerning requests for TMS benefits or coverage for the treatment of major depression during the Class Period. The definition of "Released Claims" in the Settlement Agreement is as follows:

> [A]ny and all past, present and future claims, actions, causes of action, rights or liabilities, costs, expenses, losses, debts, or claims, regardless of forum, contingent or non-contingent, accrued or unaccrued, known or

unknown, arising out of or related to: (i) a denial of health insurance coverage for TMS for the treatment of major depression (including any requests associated with a diagnosis of major depression, even if there were also other non-depression diagnoses) during the Class Period, including post-service claims for reimbursement and pre-service requests that Aetna confirm coverage; or (ii) any challenge to the development or application of any iteration of CPB 469 in effect prior to July 29, 2016. Released Claims include, but are not limited to, any and all claims, actions, rights or causes of action arising under federal, state, or local statutory or common law or mandate that were raised or could have been raised in the Action concerning any statutory rights under ERISA or coverage for TMS under the terms of an employee benefits plan insured or administered by Aetna during the Class Period.

### IF YOU DO NOTHING

### 6.  WHAT HAPPENS IF I DO NOTHING?

If you do nothing, you will be included in the Class. You will get a payment according to the Plan of Allocation described above, and you will be bound by the Settlement if it is finally approved by the Court. If you do nothing, you will not be able to sue Aetna on your own for the Released Claims as described in the part of Question 5 titled "Release of Claims Against Aetna." If you want to pursue any claim related to the issues in this case on your own and at your own expense, you should opt out of the Settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

### 7.  WHY WOULD I ASK TO BE EXCLUDED (OPT OUT)?

You should ask to be excluded if you want to keep your right to pursue your own individual lawsuit against Aetna relating to the issues in the lawsuit. If you choose to opt out, you will not receive any payment from the Settlement Fund, but you will not be bound by the Settlement either, including the release.

### 8.  HOW DO I OPT OUT OF THE CLASS?

To exclude yourself from the Class, you must do one of the following: (1) go to www.AetnaTMSSettlement.com and follow the directions for how to fill out and submit the Opt-Out Form electronically; (2) download and print out the Opt-Out Form from the website, fill it out and sign it, and send it by First-Class Mail to the Settlement Administrator at Aetna TMS Settlement Opt Out, P.O. Box 4028, Portland, OR 97208-4028; (3) email the completed and signed Opt-Out Form to the Settlement Administrator at mail@AetnaTMSSettlement.com; or (4) mail or email to the Settlement Administrator a request for exclusion that includes your full name (and business name, if applicable), mailing address, email address, signature (or an electronic signature consisting of "/s/" plus your typed name), and the following statement: "I request that I be excluded from the Class in *Meidl v. Aetna*, No. 3:15-cv-01319-JCH (D. Conn.)." An opt-out request that does not clearly state you wish to be excluded—or that makes conflicting requests to be excluded and to receive monies under the Settlement—will not be treated as a valid opt-out.

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE JUNE 11, 2019, OR ARE NOT SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 P.M. PACIFIC TIME ON JUNE 11, 2019, WILL NOT BE HONORED.**

### 9.  IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER?

No. If the Court approves the Settlement and you do not opt out by the deadline, you will be subject to the release of claims described in Question 5 above, and will lose your right to sue Aetna for relief arising from the Released Claims. You will receive a monetary payment from the Settlement only if you do not exclude yourself.

QUESTIONS? CALL 1-877-890-8089 TOLL-FREE, OR VISIT
WWW.AETNATMSSETTLEMENT.COM.



X7045 v.03

-5-

## 10. HOW DO I OBJECT TO THE SETTLEMENT?

You can object to the Settlement, the proposed Plan of Allocation, the attorneys' fees and expenses requested, or the Class representative incentive award. Submitting an objection gives you the chance to tell the Court why you think the Court should not approve any of these things, but will not exclude you from the Settlement. To object, you must send the Court a letter via First-Class Mail stating why you object to the Settlement. Be sure to include your name, address, telephone number, and signature. You must mail the objection to these three different groups so that they are received by the Court, Class Counsel, and counsel for Aetna no later than **June 11, 2019**:

| Court | Class Counsel |
|---|---|
| Clerk of the Court United States District Court for the District of Connecticut 141 Church Street New Haven, CT 06510 | Andrew N. Goldfarb D. Brian Hufford Jason S. Cowart Zuckerman Spaeder LLP 1800 M Street, NW, Suite 1000 Washington, D.C. 20036 |
| **Aetna Counsel** | |
| Geoffrey M. Sigler Alex Gesch Gibson Dunn & Crutcher LLP 1050 Connecticut Avenue, NW Washington, D.C. 20036 | |

**OBJECTIONS THAT ARE NOT RECEIVED BY THE COURT ON OR BEFORE JUNE 11, 2019, WILL NOT BE HONORED.**

THE LAWYERS REPRESENTING YOU

## 11. DO I HAVE A LAWYER IN THE CASE?

Yes, unless you exclude yourself from the Class. The Court decided that D. Brian Hufford, Jason Cowart, and Andrew N. Goldfarb of Zuckerman Spaeder LLP, and Meiram Bendat of Psych Appeal, Inc., are qualified to represent the members of the Class. Together, the lawyers are called "Class Counsel."

## 12. WILL THE LAWYERS AND CLASS REPRESENTATIVE BE PAID, AND IF SO HOW?

The Settlement Agreement allows Class Counsel to ask the Court to approve payment of attorneys' fees up to 33.3% of the Settlement Amount, plus the expenses incurred during the case. Thus, the maximum amount in attorney's fees and litigation costs from the Settlement is $2,066,667.00. This payment will compensate Class Counsel for their work investigating the facts, litigating the case, and negotiating the Settlement. The Court must approve the amount of fees and costs awarded to Class Counsel. Class Counsel will file a motion requesting attorneys' fees and litigation costs no later than **May 20, 2019**, so you will have time to review that motion prior to deciding whether you want to object or opt out.

The amount that the Class representative (who brought the lawsuit and who has served as the named plaintiff) receives for his denied TMS claims will be determined by the same Plan of Allocation used for all Class members. In addition, the Settlement Agreement allows Class Counsel to ask the Court for an "incentive fee" award of up to $20,000.00 for the Class representative. That motion will be filed no later than **May 20, 2019**. Any incentive fee award must be approved by the Court.

Class Counsel's motion for attorneys' fees and costs, and an incentive award to the class representative, will be available on the website www.AetnaTMSSettlement.com, or you can contact the Settlement Administrator.

## 13. HOW IS THE COST OF PROVIDING NOTICE TO CLASS MEMBERS PAID FOR?

The costs of providing notice about the Settlement to Class members will come out of the Settlement Amount.

X7046 v.03

QUESTIONS? CALL 1-877-890-8089 TOLL-FREE, OR VISIT
WWW.AETNATMSSETTLEMENT.COM.

-6-

## 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on **July 10, 2019, at 10 a.m.**, at the United States District Court for the District of Connecticut, 141 Church Street, New Haven, CT 06510. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge in the case, Judge Janet C. Hall, will listen to people who have asked in advance to speak at the hearing. The Court may also decide how much Class Counsel may receive in attorneys' fees and expenses. The Court will also decide how much the Class representative should receive as an incentive award. After the hearing, the Court will decide whether to approve the Settlement. It is not known how long these decisions will take.

The Court can change the date of the hearing without further notice, so please check the Settlement website for updates, or the docket for the case if you want to appear to make sure that the date and time have not changed.

## 15. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you retain your own lawyer, your lawyer can attend on your behalf.

## 16. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Meidl v. Aetna*, No. 3:15-cv-01319-JCH." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be received no later than **June 11, 2019**, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the three addresses in Question 10. You cannot speak at the hearing if you opted out of the Settlement.

### GETTING MORE INFORMATION

## 17. ARE THERE MORE DETAILS ABOUT THIS LAWSUIT?

Yes. Additional information regarding the lawsuit and the Settlement is also available at www.AetnaTMSSettlement.com. The information includes the complaint filed in the case; the Settlement Agreement and its attachments; the Opt-Out Form and Objection Form; and the motion for preliminary approval of the Settlement, along with the exhibits to the motion. In addition, the motion for attorneys' fees and expenses will be posted to the website after it is filed on or before **May 20, 2019**.

## 18. HOW CAN I LEARN MORE?

If you have additional questions about the Settlement or the case, you can go to www.AetnaTMSSettlement.com, call 1-877-890-8089, or email mail@AetnaTMSSettlement.com. You can also write to the Aetna TMS Settlement Administrator, P.O. Box 4028, Portland, OR 97208-4028.

X7047 v.03

QUESTIONS? CALL 1-877-890-8089 TOLL-FREE, OR VISIT
WWW.AETNATMSSETTLEMENT.COM.



-7-

## REQUEST FOR EXCLUSION ("OPT OUT")

*Meidl v. Aetna Inc., et al.* Class Action

By filing this form, you acknowledge that you have received the Notice of Proposed Settlement and Fairness Hearing (the "Notice"), and that you do **NOT** wish to remain a member of the Class certified in *Meidl v. Aetna Inc., et al.*, No. 3:15-cv-01319-JCH, in the United States District Court for the District of Connecticut.

Only file this form if (1) you are a member of the Class as defined in the Settlement Agreement (the Class definition is set out in the Notice and in Settlement-related documents posted on www.AetnaTMSSettlement.com), **and (2) you wish to exclude yourself from the lawsuit.**

**This is the only form you need to complete in order to exclude yourself from the Settlement and the lawsuit. If you file this form, do not file any other form.**

**Do not file this form if you wish to participate in the Settlement of this lawsuit. Do not file this form if you wish to object to the Settlement. Only members of the Class are permitted to object to the Settlement, and they should do so by filing an objection as described in the Notice. If you make conflicting requests, such as by submitting both an Opt-Out Request and an objection or a request to receive monies under the Settlement, you will not be treated as a valid opt-out.**

If you want to exclude yourself from the Class and not participate in the Settlement, you must complete and mail this form to the following address:

> AETNA TMS SETTLEMENT OPT-OUT
> SETTLEMENT ADMINISTRATOR
> P.O. Box 4028
> Portland, OR 97208-4028

You may also complete this Request for Exclusion online at www.AetnaTMSSettlement.com.

**Your Request for Exclusion must be postmarked no later than June 11, 2019, or submitted electronically on or before 11:59 p.m. Pacific Time on June 11, 2019. If it is submitted electronically or postmarked after these dates, it will not be valid and you will not be excluded from the Class or the lawsuit on that basis.**

---

I understand that by signing and mailing this form:

- I will **not** receive any of the monetary benefits of the Settlement as described in the Notice;

- I will **not** participate in, or be represented as a Class member in, this Action;

- My name will be included on an opt-out list to be provided to the parties, their counsel, and the Court (in accordance with Court-approved procedures to protect your protected health information); and

- I may pursue, at my own expense, whatever claims I may have against Defendants with regard to claims that were the subject of the class action.



*Meidl v. Aetna Inc., et al.*
No. 3:15-cv-01319-JCH (D. Conn.)

**Please type or print:**

First Name | MI | Last Name

Address

City | State | ZIP Code

Telephone

Email address (if any)

Tax ID numbers under which you submitted claims to Aetna:

I wish to be excluded from the Class and excluded from participation in the Settlement.

Signature: | Date: MM – DD – YYYY

# EXHIBIT B

DECLARATION OF ANGIE BIRDSELL REGARDING NOTICE AND SETTLEMENT ADMINSTRATION

Aetna Settlement Administrator
P.O. Box 4028
Portland, OR 97208-4028



Dear Class Member:

On April 29, 2019, you were mailed a Notice in regard to a proposed Aetna class action settlement. **The Court in the case has extended until June 26, 2019, the deadline to exclude yourself from the settlement ("opt-out"), to object to the settlement, or to submit additional information in connection with your claim in the settlement.** To remain a class member for the settlement, you do not need to do anything further. If you intend to exclude yourself from the settlement ("opt-out"), to object to the settlement, or to submit additional information in connection with your claim, **you must do so in time to ensure that your communication is <u>received</u> by the Settlement Administrator no later than June 26, 2019.** Please go to www.AetnaTMSSettlement.com for more information about the settlement, including information about Plaintiff's application for attorneys' fees and expenses and an incentive award for the named plaintiff.

If you did not receive your Notice or have questions, please visit www.AetnaTMSSettlement.com, or contact us by phone at 1-877-890-8089 or by email at mail@AetnaTMSSettlement.com.

Regards,


Aetna Settlement Administrator

# EXHIBIT C

DECLARATION OF ANGIE BIRDSELL REGARDING NOTICE AND SETTLEMENT ADMINSTRATION

CONFIDENTIAL HEALTH INFORMATION; FILED UNDER SEAL

DECLARATION OF ANGIE BIRDSELL REGARDING NOTICE AND SETTLEMENT ADMINSTRATION