EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) NO: 3:15-CV-01319-JCH ) |
| v. | ) ) |
| AETNA INC., *et al.*, | ) ) |
| Defendants. | ) ) |

# DECLARATION OF ANDREW N. GOLDFARB IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

I, Andrew N. Goldfarb, declare and state as follows:

1. I am over the age of eighteen. I am an attorney with Zuckerman Spaeder LLP, 1800 M Street NW, Suite 1000, Washington, DC 20036. My business telephone number is (202) 778-1822. My business facsimile number is (202) 822-8106. My business e-mail address is agoldfarb@zuckerman.com.

2. I am licensed to practice in New York, the District of Columbia, and California, and have been admitted to this Court *pro hac vice* (phv 07743).

3. Our firm is counsel to Plaintiff Christopher Meidl, on his own behalf and on behalf of the certified class (the "Class"), in the above-captioned matter.

4. I am responsible for the day-to-day management of this action. The information in this declaration is based on personal knowledge and communications with the Settlement Administrator and counsel for Defendants.

5. From communications with Aetna's counsel, I understand that Aetna sent out the notices required by the Class Action Fairness Act of 2005 on February 22, 2019, to the

appropriate state official of each state in which a Class member resides. Aetna sent follow-up notices to Tennessee and Pennsylvania, also in February 2019, as a result of an address error and technical glitch, respectively.

6. From communications with the Settlement Administrator, I understand that Plaintiff's Motion for Attorneys' Fees and Expenses and Incentive Award were posted to the Settlement website on May 23, 2019.

7. Based on data produced by Aetna for the full Class Period, plus additional records submitted by 49 Class members, the amount of billed charges for TMS services not covered by Aetna totals approximately $6.6 million.

8. Data produced by Aetna show that for claims for TMS that Aetna has paid, it has on average paid substantially less than the billed charge amount, reflecting reductions based on plan terms, co-insurance, and deductible obligations. After deduction of the requested Incentive Award, attorneys' fees, and notice costs from the Settlement Amount, Class Counsel currently estimate that Class members who receive *pro rata* distributions from the Settlement Fund are likely to receive approximately 70% of what they likely would have received if their claims were all deemed covered.

9. The Settlement Administrator received one timely submitted but incomplete opt-out form from the spouse of a deceased Class member. I contacted the person by telephone to address the incomplete form, and provided additional explanation about the Settlement. The person telephoned me back the next day and confirmed that she wished to be excluded from the Class.

10. Class Counsel received a written objection and statement of intent to appear from one Class member, both dated June 6, 2019. The written objection reflected a clear

misunderstanding of the proposed Plan of Allocation and of the amount of monetary relief for which the Class member would be eligible. I contacted the Class member by phone, explained the proposed Plan of Allocation, and stated that she had the opportunity to submit records to substantiate her out-of-pocket expenditures for TMS. The Class member subsequently withdrew her objection and notice of intent to appear in writing by letter dated June 10. The Class member submitted information to the Settlement Administrator documenting her out-of-pocket expenditures for TMS.

11. Other than as described in the foregoing paragraph, no Class member provided notice of intent to appear at the July 10, 2019 Final Approval Hearing.

12. Based on all of the information produced during the case, and the reaction of the Class, Class Counsel, who have extensive experience litigating ERISA class actions suits, evaluating claim data, negotiating class settlements, and developing fair and equitable plans of allocation, believe that the Settlement and Plan of Allocation are fair, adequate, and reasonable, and are very favorable for the Class.

Dated: June 28, 2019  /s/ Andrew N. Goldfarb
Andrew N. Goldfarb, Esq.