UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER MEIDL, on his own behalf and on behalf of the certified class | : : : | CIVIL ACTION NO. 3:15 CV 01319 (JCH) |
| Plaintiff, | : : | |
| v. | : : | |
| AETNA INC., *et al.*, | : : | JULY 16, 2019 |
| Defendants. | : | |

## REVISED ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiff Christopher Meidl ("Plaintiff"), individually and on behalf of the Class, and Defendants Aetna Inc. and Aetna Life Insurance Company (together, "Defendants," "Aetna Defendants" or "Aetna") have determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated February 15, 2019 and all exhibits thereto (the "Settlement Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement").

On February 26, 2019, the Court granted preliminary approval to the proposed Settlement and directed that notice be given to the members of the Class about the proposed Settlement and about a Fairness Hearing. Dkt. No. 205. Currently before the Court are: (i) Plaintiff's motion for final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and of the Plan of Allocation ("Final Approval Motion"); and (ii) Plaintiff's motion for attorneys' fees and expenses and the incentive award for the Class representative ("Fee Motion") [Dkt. No. 207], including Plaintiff's supplemental submission in support of the Fee Motion [Dkt. No. 211].

In connection with the Settlement and the current motions before the Court, the Court makes the following findings:

A. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to members of the Class.

B. In February 2019, Aetna mailed the Class Action Fairness Act Notices ("CAFA Notices") previously approved by the Court to the appropriate state official of each state in which a Class member resides.

C. On April 29, 2019, the Settlement Administrator caused the Notice to be mailed to all members of the Class, which informed members of the Class of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether to approve the Final Approval Motion and grant final approval to the Settlement and Plan of Allocation as fair, reasonable, and adequate; (ii) whether the Court should enter final judgment dismissing the Action with prejudice; (iii) whether to grant the Fee Motion and determine the amount of attorneys' fees, costs, and expenses, if any, to be awarded to Class Counsel, and the amount, if any, of the incentive award to the Class representative; and (iv) any objections by members of the Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.

D. On May 20, 2019, Plaintiff filed the Fee Motion.

E. On June 17, 2019, Plaintiff mailed a reminder notice to the Class.

F. Pursuant to the Notice, five (5) members of the Class chose to exclude themselves from the Settlement, and no objection(s) to the Settlement were filed with the Court

and/or made at the Fairness Hearing.

G. On June 28, 2019, the Settlement Administrator filed with the Court proof of mailing of the Notice to all members of the Class.

H. In accordance with the Notice, a Fairness Hearing was held on July 10, 2019.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Final Approval Motion, and the Fee Motion and supplemental submission in support thereof, having reviewed all of the evidence, including the reaction of the Class, and the record of all proceedings in this case, and having made the foregoing findings,

it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Class members.

2. The Settlement Agreement and all of its exhibits (as filed with the Court) are incorporated in this Final Order and Judgment, including the definitions and terms set forth in the Settlement Agreement.

3. The Class previously certified by the Court is defined as

> [A]ll participants or beneficiaries in Aetna Plans administered by Aetna (or any of its operating divisions) who, from September 3, 2009, to July 29, 2016, were denied health insurance coverage for TMS for the treatment of major depression using one of the codes for Experimental, Investigational, or Unproven Services. The TMS Class includes both persons whose post-service claims for reimbursement were denied and persons whose pre-service requests that Aetna confirm coverage for TMS were denied.

Dkt. 114 at 52.

4. Notice to the members of the Class has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of the Action, the nature

of the claims, the definition of the Class, and their opportunity to exclude themselves from the Class or present objections to the Settlement. The Notice program complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law.

5. Members of the Class were given the opportunity to exclude themselves from the Class through submission of Opt-Out Forms, and five (5) individuals did so in a timely fashion. One of the five opt-outs timely submitted an incomplete form, but subsequently confirmed their intent and desire to opt out. The five individuals are identified on the papers filed under seal with the Court on June 28, 2019.

6. Aetna Defendants have satisfied the requirements of CAFA pursuant to 28 U.S.C. § 1715.

7. The Court finally approves the Settlement and Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Class pursuant to Rule 23(e). The Court approves the Semel Institute for Neuroscience and Human Behavior at UCLA as the recipient of any *cy pres* fund that exists after distribution of the Settlement Amount pursuant to the approved Plan of Allocation. *See* Dkt. No. 203-09 ¶ G.4. The Settlement was not a product of fraud or collusion, and the Court finds it to be fair, reasonable, and adequate under Rule 23(e)(2). The Court find that: (A) the Class representative and Class Counsel have adequately represented the Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class-member claims, and (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (D) the Settlement treats Class members equitably relative to

each other. The Court also finds the Settlement fair, reasonable, and adequate under the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000): (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the Class through the trial; (7) the ability of Defendants to withstand a greater judgment; (8) the range of reasonableness of the Settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation.

8. The terms of the Settlement Agreement, including all exhibits to the Settlement Agreement and to this Final Order and Judgment, shall be forever binding on the Class.

9. Neither the Settlement, this Final Order and Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission by Defendants, of any fault, wrongdoing, or liability whatsoever.

10. The parties and the Settlement Administrator shall carry out all the terms of the Settlement, including distribution of the Settlement Fund in accordance with the Plan of Allocation to each of the Class members, and the release provisions in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

11. Defendants shall have no liability or responsibility for any payments, fees, or costs under this Final Order and Judgment or the Settlement aside from the Settlement Amount. Under no circumstances shall Defendants be required to pay any amounts in furtherance of this Settlement, this Final Order and Judgment, and the administration of the Settlement other than

the payment of the Settlement Amount.

12. Releases:

A. Class members (on their own behalf and on behalf of their representatives and others listed in Section 2.16 of the Settlement) fully, finally, and forever release, relinquish, and discharge Aetna Defendants and their Affiliated Entities from, and shall forever be enjoined from prosecution of Defendants and their Affiliated Entities for, any and all "Released Claims," which the Settlement Agreement defines as:

> [A]ny and all past, present and future claims, actions, causes of action, rights or liabilities, costs, expenses, losses, debts, or claims, regardless of forum, contingent or non-contingent, accrued or unaccrued, known or unknown, arising out of or related to: (i) a denial of health insurance coverage for TMS for the treatment of major depression (including any requests associated with a diagnosis of major depression, even if there were also other non-depression diagnoses) during the Class Period, including post-service claims for reimbursement and pre-service requests that Aetna confirm coverage; or (ii) any challenge to the development or application of any iteration of CPB 469 in effect prior to July 29, 2016. Released Claims include, but are not limited to, any and all claims, actions, rights or causes of action arising under federal, state, or local statutory or common law or mandate that were raised or could have been raised in the Action concerning any statutory rights under ERISA or coverage for TMS under the terms of an employee benefits plan insured or administered by Aetna during the Class Period.

B. Class members expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Class members expressly waive all rights related to the Released Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class members acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered. Class members acknowledge that they intend to release any and all such known, unknown or unsuspected Released Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Class members hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by Class members, and Class members agree and acknowledge that this provision is an essential term of the Settlement and this release.

C. Class members are barred and permanently enjoined from prosecuting any and all Released Claims against Aetna Defendants or their Affiliated Entities.

D. Nothing in this Final Order and Judgment or the Settlement Agreement shall preclude any action to enforce the terms of the Settlement.

13. Without affecting the finality of this Final Order and Judgment in any way, this Court will retain exclusive continuing jurisdiction over all parties and Class members with regard to implementation of the Settlement Agreement, disposition of the Settlement Fund, and enforcement and administration of this Settlement Agreement. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Final Order and Judgment and/or the Settlement.

14. The Fee Motion is granted. The Court approves as fair, reasonable, and adequate

attorneys' fees of $2,066,667, approves the payment of expenses of $105,168.88, and approves an incentive award for the Class representative of $20,000, all amounts to be paid from the Settlement Amount.

15. The Action is dismissed with prejudice and without costs (except as otherwise provided herein).

This is a final and appealable judgment.

**SO ORDERED.**

Dated at New Haven, Connecticut this 16th day of July, 2019.

/s/Janet C. Hall
Janet C. Hall
United States District Judge
